## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

**In the Matter of:**
**John Delamar Schoonmaker,**                                **Case No. 04-02217-8-JRL**
      **Debtor.**

---

**Algernon L. Butler, Jr., Trustee**                          **AP No. L-04-00079-8-AP**
      **Plaintiff.**

      **vs.**

**John Delamar Schoonmaker,**
      **Defendant.**

### <u>ORDER</u>

This matter comes before the court on the debtor John Delamar Schoonmaker's motions to transfer his case and this adversary proceeding to the Western District of North Carolina. A hearing was held in Wilmington, North Carolina on April 20, 2005.

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 18, 2004, and Algernon L. Butler, Jr., was appointed as trustee. Since the filing of the original petition, the debtor has failed to attend § 341 meetings scheduled in this case on April 28, 2004, May 27, 2004, August 23, 2004, October 8, 2004, and March 11, 2005. On October 5, 2004, the debtor filed a motion for examination by interrogatories in lieu of attendance at the October 8 § 341 meeting, and informed the court that he had relocated to Asheville, North Carolina, that travel to Wilmington was physically and financially burdensome, and that the debtor would be unable to attend a § 341 meeting in Wilmington. The court entered an order on November 23, 2004 denying the debtor's motion for examination by interrogatories and directing the debtor to attend the March 11, 2005 § 341 meeting.

The debtor testified that his failure to attend the March 11, 2005 § 341 meeting was due to a simultaneous child custody hearing in Asheville.  The debtor asserts that the administration of the bankruptcy estate would be more economically and efficiently served if venue were changed to the U.S. District Court for the Western District of North Carolina because none of the parties have a connection or are in close proximity to this district and Wilmington.

The court is not persuaded that there is any reason to transfer these cases.  The case was originally filed in the Eastern District of North Carolina.  This is where Mr. Schoonmaker and his wife lived and where the transactions occurred, and this is where they ought to be heard.  The motions to transfer the case and the adversary proceeding are denied.  The court hereby directs the debtor to appear at the next scheduled § 341 meeting, or the court will deny the debtor's discharge summarily without any further action by the trustee.

**So Ordered.**

**Dated:        May 6, 2005**

**S/ J. Rich Leonard**
**J. Rich Leonard**
**United States Bankruptcy Judge**

2